IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONNIE D. PARRISH,

                                         OPINION and ORDER

              Plaintiff,

                                         17-cv-697-bbc

     v.

PETE RINDAL, CHRISTOPHER WILHEM,
PATRICIA NELSON, RACHEL PINGS, OFFICER BOWIE
and CAPTAIN PINKALL,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Ronnie D. Parrish is incarcerated at the Wisconsin Resource Center. He filed this proposed civil action under 42 U.S.C. § 1983, contending that his probation was revoked unlawfully and that after he was confined in prison, he received an improper conduct report. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A. After reviewing the complaint, I conclude that plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, I am dismissing his complaint.

OPINION

A. Claims Relating to Criminal Case and Revocation

First, plaintiff alleges that he was arrested maliciously and without probable cause in August 2016 in Eau Claire County. Defendant Patricia Nelson was plaintiff's probation agent at the time. Defendant Pete Rindal was an assistant district attorney who decided to charge plaintiff with various offenses. Plaintiff was represented by assistant public defender defendant

1

Christopher Wilhelm, who persuaded him to plead guilty. Plaintiff later regretted pleading guilty after he was sentenced. Plaintiff's arrest also led to revocation proceedings, which were conducted by defendant Rachel Pings, an administrative law judge. Plaintiff's extended supervision was revoked in three prior criminal cases. Plaintiff suggests that defendants violated his constitutional rights in the context of these state criminal proceedings.

Plaintiff cannot bring any claim challenging his criminal convictions or revocation of his probation in an action under 42 U.S.C. § 1983 unless he has prevailed in a habeas corpus proceeding challenging the conviction and revocation proceedings. Heck v. Humphrey, 512 U.S. 477, 487 (1994); Spencer v. Kemna, 523 U.S. 1, 17 (1998) (application of Heck to parole revocation hearing); Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003) (citing Drollinger v. Milligan, 552 F.2d 1220 (7th Cir. 1977)). Because plaintiff has not established the invalidity of his convictions or probation revocation by showing that he prevailed in a habeas corpus proceeding, he cannot seek relief under § 1983.

This court cannot convert this action into one for habeas corpus on its own motion. The Court of Appeals for the Seventh Circuit has held that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing Heck, 512 U.S. 477). Therefore, plaintiff's claims will be dismissed without prejudice. Plaintiff may raise his claims in a petition for a writ of habeas corpus but he should be aware that such a petition would have to be dismissed immediately unless he can show that he has presented

his claims to the Wisconsin courts and has been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B).

B. <u>Claims Relating to Conduct Report</u>

Plaintiff also alleges that while he was incarcerated at Dodge Correctional Institution, defendant Officer Bowie issued him an false conduct report for disobeying orders, disrespect and disruptive conduct. He was later punished with five days of room confinement, even though he had a good defense to the conduct report.

These allegations do not implicate any constitutional right. Generally, issuing a false or inaccurate conduct report against a prisoner does not violate the Constitution. <u>Lagerstrom v. Kingston</u>, 463 F.3d 621, 625 (7th Cir. 2006) ("[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.") (internal quotations omitted); <u>McPherson v. McBride</u>, 188 F.3d 784, 786-87 (7th Cir. 1999) ("[W]e will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). Additionally, plaintiff's allegation that he suffered five days of room confinement is not sufficient to invoke due process protections, as due process would be implicated only if plaintiff had suffered a "significant" and "atypical" deprivation. Five days of room confinement is not a significant or atypical deprivation. <u>Townsend v. Fuchs</u>, 522 F.3d 765, 766 (7th Cir. 2008) (two months in segregation does not implicate due process); <u>Hoskins v. Lenear</u>, 395 F.3d

3

372, 374 (7th Cir. 2005) (same); Lekas v. Briley, 405 F.3d 602, 612 (7th Cir. 2005) (three months in segregation not enough to implicate due process). Finally, plaintiff does not allege that he was issued the conduct report in retaliation for protected speech or because of his membership in a protected class. Accordingly, his allegations do not state any claim under the Constitution for which relief may be granted.

Because plaintiff's complaint fails to state any claim upon which relief may be granted, I will direct the clerk of court to record a strike against plaintiff under 28 U.S.C. § 1915(g). Turley v. Gaetz, 625 F.3d 1005, 1009 (7th Cir. 2010) (plaintiff incurs strike when entire action is dismissed as frivolous, malicious or for failure to state claim); Moore v. Pemberton, 110 F.3d 22, 24 (7th Cir. 1997) (complaint that is barred by Heck counts as strike under 28 U.S.C. § 1915(g)).


ORDER

IT IS ORDERED that plaintiff Ronnie D. Parrish's claims challenging his conviction and revocation are DISMISSED WITHOUT PREJUDICE under Heck v. Humphrey, 512 U.S. 477, 487 (1994), and his remaining claims are DISMISSED for failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C.

§ 1915(g). The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 15th day of February, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge